UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YS BUILT, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>YA HSING CHIANG ("CINDY") HUANG, GEORGE HUANG, and their marital community,<br><br>           Defendant. | CASE NO. 2:15-cv-01411-BJR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.     INTRODUCTION

YS Built, LLC ("Plaintiff") brings this suit for copyright infringement and breach of contract against Ya Hsing Chiang Huang and George Huang ("Defendants"). Plaintiff alleges that Defendants submitted Plaintiff's copyrighted architectural plan for use by a third-party builder, Stanbrooke Custom Homes, Inc. ("Stanbrooke"). Plaintiff further alleges that Stanbrooke copied its plan and incorporated it into a new plan that will be used to build a home for Defendants' son, Kevin Huang ("Huang Residence").

1

Plaintiff seeks: (1) a declaratory judgment that construction of the Huang Residence will infringe Plaintiff's copyright and its rights under a contract entered into by Plaintiff and Kevin; and (2) an injunction ordering Defendants to return Plaintiff's plan to Plaintiff and prohibiting the construction of the Huang Residence using Plaintiff's plan or any derivative of Plaintiff's plan. Defendants assert both state-law statutory and tort counterclaims against Plaintiff.

Plaintiff moves for summary judgment on its infringement claim, as well as on Defendants' counterclaims, which it argues are preempted by federal copyright law. The Court will deny Plaintiff's motion for summary judgment in its entirety. The reasoning for the Court's decision is set forth below.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are agreed upon by the parties. In April 2014, Kevin Huang approached Plaintiff about building a house in Bellevue, Washington. Plaintiff and Kevin agreed that Kevin would purchase the second of three subdivided lots ("Lot 2") located at 4105 131st Avenue, Southeast, for the construction of his residence. Sometime after purchasing Lot 2, Kevin left Bellevue and moved to China. Defendants began acting on Kevin's behalf to complete the construction of the Huang Residence.

Architect Errett Schneider, commissioned by Plaintiff, drafted an architectural plan ("Schneider Plan") for the Huang Residence. After the Schneider Plan was complete, Plaintiff presented Defendants with a proposed construction agreement for the residence. Defendants rejected Plaintiff's proposal and advised Plaintiff that they intended to contract with a third party to construct the Huang Residence. Plaintiff's counsel sent a letter to Defendants' counsel informing him that Plaintiff had obtained a copyright in the Schneider Plan and that using the Schneider Plan to build the Huang Residence would infringe Plaintiff's copyright. Defendants

1  hired Stanbrooke to build the Huang Residence.  Stanbrooke is not a party to this suit and, at the
2  time of this Order, has not begun construction of the Huang Residence.
3        Plaintiff brought this suit as a declaratory judgment action for copyright infringement and
4  breach of contract.  Plaintiff seeks a declaration that, if Defendants build the Huang Residence
5  "through [Stanbrooke] or any other third party," it will infringe Plaintiff's copyright and its
6  rights under the "Scheduling Agreement" signed by Kevin during the early stages of planning.
7  Dkt. 4, Pl.'s Am. Compl. at 5.  Plaintiff also seeks an injunction ordering Defendants to return
8  the Schneider Plan to Plaintiff and prohibiting the use of the Schneider Plan or any derivative of
9  the Schneider Plan to build the Huang Residence.  *Id.*
10       Defendants have countersued alleging: (1) that Plaintiff interfered with Defendants'
11 contractual relationship with Stanbrooke; (2) that Plaintiff wrongfully advised Defendants that
12 they could not access Lot 2 if they hired a third party to build the Huang Residence; and (3) that
13 Plaintiff performed work on Lot 2 without Defendants' knowledge or consent.  Dkt. 12, Defs'
14 Answer at 7–8.  Defendants also allege that Plaintiff has engaged in unfair business practices in
15 violation of the Washington Consumer Protection Act, including: (1) inducing potential
16 customers to sign "unenforceable letters of intent"; and (2) preparing design documents for
17 paying customers and then refusing to license these customers to use the designs.  *Id.*
18       Plaintiff moves for summary judgment on its infringement claim, as well as on
19 Defendants' counterclaims.

### III.    DISCUSSION

**A. The summary judgment standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As the

moving party in this case, Plaintiff "bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record which it believes demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Cattret*, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the suit, and disputes over these facts are genuine if the evidence is such that a reasonable person could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B. Plaintiff's copyright infringement claim**

Plaintiff seeks a declaration that if Stanbrooke, directed by Defendants, were to build the Huang Residence, such action would infringe its copyright in the Schneider Plan. To establish this potential copyright infringement, Plaintiff must demonstrate that: (1) it owns a valid copyright; and (2) the plan Stanbrooke intends to use to build the Huang Residence ("Stanbrooke Plan") copies the protected elements of the Schneider Plan. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). Defendants do not dispute that Plaintiff holds a valid copyright in the Schneider Plan. However, Defendants assert that that there can be no infringement because Plaintiff impliedly granted them a nonexclusive license to reproduce and distribute the Schneider Plan to other builders and that the plan they are presently intending to use is not an infringing copy of the Schneider Plan.

**1. Question of implied nonexclusive license**

License is a defense to copyright infringement. *Oddo v. Ries*, 743 F.2d 630, 634 n.6 (9th Cir. 1984). A nonexclusive copyright license may be granted orally or implied by conduct. *Foad Consulting Grp., Inc. v. Azzalino*, 270 F.3d 821, 826 (9th Cir. 2001); *Effects Assocs., Inc v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990). But fundamental to the determination of whether an implied license has been granted is the intent of the parties—particularly the licensor, for

"without intent, there can be no implied license." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998). While it need not be expressed in writing, there should be some indication by the licensor—expressed either through conduct or an oral statement—that it "intends that the licensee-requestor copy and distribute [its] work." *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996) (citing *Effects Assocs.*, 908 F.2d at 558–59).

The Court finds that far from Plaintiff expressing its intent to grant an implied license, the record contains strong evidence to the contrary. The language of the Scheduling Agreement entered into by the parties states that "all materials, specifications and plans created and provided by [Plaintiff] during the Advanced Feasibility Phase and project itself are considered proprietary and confidential material and may not be shared with a third party." [1] Dkt. 37, Pl.'s Mot., Ex. B at 1. Plaintiff's letter reaffirming the Scheduling Agreement and warning Defendants not to present the copyrighted Plan to another builder is further evidence of Plaintiff's intent to the contrary.[2] *Id.*, Ex. D. Defendants have failed to establish their defense of implied license.

**2.  Question of similarity between Schneider Plan and Stanbrooke Plan**

In bringing a copyright infringement claim, Plaintiff must first "identify the source(s) of the alleged similarity" between its copyrighted work and the alleged copy. *Apple Comp., Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994). Then, the Court must determine "whether any of the allegedly similar features are protected by copyright." *Id.* The protection of a valid copyright extends only to "original works of authorship fixed in a tangible medium of expression." 17 U.S.C. § 102(a). Copyright protection does not extend to any idea or concept.

---

[1] While an argument could be made that this language would not apply to the plans provided by an outside architect, the gravamen of the language negates a finding that Plaintiff intended to grant Defendants an implied license in the Schneider Plan.

[2] Even though Plaintiff's letter was sent after the Schneider Plan was created, it reflects the circumstances under which Plaintiff commissioned the Plan. In the letter, Plaintiff acknowledged the possibility of implied license, but expressed that any license in this case was informed by the Scheduling Agreement, under which Plaintiff had expected to hold the exclusive rights to the Schneider Plan. Dkt. 37, Pl.'s Mot., Ex. D.

1  *Id.* § 102(b).  Thus, basic architectural elements are not protectable as individual ideas, but the
2  combined expression of the elements may be protected as a whole.  *Cf. Metcalf v. Bochco*, 294
3  F.3d 1069, 1074 (9th Cir. 2002).

4        Plaintiff alleges that the Stanbrooke Plan shares many design features in common with
5  the Schneider Plan, including a butterfly roof, a rear overhang, an asymmetric garage, and a
6  recessed front door, as well as particular spatial relationships within the house.  Dkt. 37, Pl.'s
7  Mot. at 6; Dkt. 51, Pl.'s Reply at 5; Dkt. 33, Martin Expert Opinion at 3–5.  However,
8  Stanbrooke's use of these individual design elements and ideas is not enough to prove copyright
9  infringement.  *See Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)
10 ("Not all copying . . . is copyright infringement.").  Rather, Plaintiff must show that the
11 Schneider Plan and the Stanbrooke Plan are "substantially similar" in both idea *and* expression.
12 *Smith*, 84 F.3d at 1218.

13       Courts generally disfavor summary judgment on the issue of substantial similarity
14 because it is a question of fact.  *Sturdza v. United Arab Emirates,* 281 F.3d 1287, 1296 (D.C. Cir.
15 2002) (citing *Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir. 1980); *see also*
16 *Funky Films v. Time Warner Ent. Co., L.P.,* 462 F.3d 1072, 1076 (9th Cir. 2006)*; Cavalier v.*
17 *Random House,* 297 F.3d 815, 822 (9th Cir. 2002); *Peter F. Gaito Architecture, LLC v. Simone*
18 *Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010); *Kohus v. Mariol,* 328 F.3d 848, 853 (6th Cir. 2003)
19 (quoting *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir.
20 1984).  The substantial similarity inquiry requires in part that the trier of fact evaluate whether
21 two works are similar in their "total concept and feel."  *Nw. Home Designing, Inc. v. Benjamin*
22 *Ryan Communities, LLC*, 2016 WL 5373144, at *3 (W.D. Wash. Sept. 26, 2016) (slip op.)
23 (internal citations omitted).  However, such a determination is "uniquely suited" for the jury.  *Sid*
24

1 *and Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1166 (9th Cir. 1977), *superseded by statute on other grounds*, 17 U.S.C. § 504(b), *as recognized in Loomis v. Cornish*, —F.3d—, 2016 WL 4578363, at *2 (9th Cir. 2016); *see also Funky Films*, 462 F.3d at 1077. The Court therefore declines to engage in the substantial similarity analysis at this stage of litigation.

### C. Defendants' counterclaims

Finally, Plaintiff contends that it is entitled to summary judgment on all of Defendants' counterclaims because they are preempted by the federal Copyright Act, 17 U.S.C. § 101, *et seq.* A state-law claim is preempted if two conditions are satisfied: (1) "the content of the protected right falls within the subject matter of copyright" as described by the Copyright Act; and (2) the "right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). Defendants' counterclaims do not concern any original works of authorship, nor do they assert any exclusive rights to such works. *See* 17 U.S.C. §§ 102(a), 106. Rather, Defendants assert their rights as consumers, as parties to a business relationship, and as real—not intellectual— property owners. Therefore, Defendants' counterclaims are not preempted by federal law.

### IV. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's Motion for Summary Judgment [Dkt. No. 37].

Dated this 15th day of November, 2016.

*/s/ Barbara J. Rothstein*
Barbara J. Rothstein
United States District Judge